UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL R.,                                     Case No. 18-CV-241 (NEB/KMM)

            Plaintiff,

v.                                            ORDER ACCEPTING REPORT AND
                                                     RECOMMENDATION
ANDREW SAUL,[1]
Commissioner of Social Security,

            Defendant.

Plaintiff Michael R. brought this action after the Commissioner of Social Security ("the Commissioner") denied his application for disability insurance benefits and an Administrative Law Judge ("ALJ") affirmed the denial. [ECF No. 1.] The parties filed cross-motions for summary judgment. [ECF Nos. 9, 12.] In a June 13, 2019 Report and Recommendation, United States Magistrate Judge Katherine M. Menendez recommends granting Defendant's motion for summary judgment and denying Plaintiff's. [ECF No. 14 ("R&R").] The Plaintiff objected to the R&R [ECF No. 16 ("Pl. Obj.")], so the Court has conducted a de novo review of issues raised in the Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

When reviewing an ALJ's decision to deny disability benefits, the Court evaluates

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25(d).

whether "substantial evidence in the record as a whole supports the ALJ's decision." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). Affirmance is proper if denial of benefits was "within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v.* Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008)). Based on this standard and the Court's review of the record, the Court agrees with Judge Menendez and accepts the R&R.

At bottom, the Plaintiff's argument is that the ALJ minimized the significance of his mental health treatment, failing to give proper weight to the evidence of treatment for depression and chronic pain, and the R&R impermissibly ignored this error. (Pl. Obj. at 1–2.) For example, he argues that the ALJ failed to characterize correctly his history of antidepressant medication and improperly concluded he was not taking medication at the time of the hearing. The record does indicate that the Plaintiff's primary care physician prescribed him medication for depression. [ECF No. 8-7 at 78; ECF No. 8-8 at 17.] But contrary to the Plaintiff's contention, the R&R correctly acknowledges that the ALJ's decision does not recite the complete history of the Plaintiff's prescriptions for mental-health conditions. (R&R at 18.) It reasons that any failure to recite the Plaintiff's complete depression medication history was harmless, however, because the ALJ

2

properly "considered the entire course of Mr. R's mental-health treatment and complaints, including the absence of any specialized treatment, his own failure to comply with a recommendation that he obtain behavioral counseling and the absence of any opinion evidence suggesting that his mental-health diagnoses caused any limitations in work-related functioning" when rendering its decision. (R&R at 18.)

The Court agrees with the thorough and sound reasoning of Judge Menendez's R&R. All of the factors listed above, taken together, support the ALJ's decision. The Plaintiff makes the conclusory argument that "[t]he fact that [the Plaintiff's] treating physician is *treating* him for depression and pain, and that his physician is *adjusting* his medications abundantly reflects symptoms that would more than 'minimally' effect [sic] [the Plaintiff's] ability to do the basic mental functions of" his past relevant work. (Pl. Obj. at 4.) But while adjustments to his medication may indicate that the Plaintiff suffered from increased depressive symptoms during the relevant time period, the Court is not persuaded that such adjustments are by themselves sufficient to show that the Plaintiff's depression qualified as severe. As the R&R mentions, courts have found cases of depression not severe when the record lacks evidence of formal psychological treatment and the plaintiff seems to have few limitations arising from his or her mental health. (R&R at 13 (citing cases).) The Court agrees with Judge Menendez's recommendation that— even including additional prescriptions—the absence of specialized treatment, the Plaintiff's failure to comply with a recommendation that he obtain behavioral counseling,

and, most importantly, the absence of evidence showing that his mental-health diagnoses caused any limitations in work-related functioning, led the ALJ to the proper conclusion that the Plaintiff's depression does not qualify as severe.

Similarly and worthy of note, the Plaintiff contends that the "ALJ erred by failing to properly evaluate the *combined* effect of depression and chronic pain." (Pl. Obj. at 7.) The record belies this argument. The ALJ specifically states: "Note the claimant's impairments, either singly or in combination, have met or medically equaled any of the listed impairments"—indicating that the ALJ considered the impairments in conjunction with one another. [ECF No. 8-2 at 16.] In *Hajek v. Shalala*, 30 F.3d 89 (8th Cir. 1994), the Eighth Circuit rejected a similarly conclusory argument. In that case—just as here—the ALJ used "impairments" in the plural and stated that the plaintiff did not have an "impairment or combination of impairments" that meet the severity requirements. 30 F.3d at 92. Considering the ALJ's opinion in its entirety, the Court concludes that the ALJ adequately considered the Plaintiff's combination of impairments when making his decision.

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Plaintiff's objection [ECF No. 16], and ACCEPTS the R&R [ECF No. 14.] IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [ECF No. 9] is DENIED;
2. Defendant's Motion for Summary Judgment [ECF No. 12] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 6, 2019                    BY THE COURT:

                                                                                      s/Nancy E. Brasel
                                                                                      Nancy E. Brasel
                                                                                      United States District Judge